[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11616
Non-Argument Calendar

_____

D.C. Docket No. 0:19-cv-60330-CMA,
Bkcy. No. 17-bk-23522-PGH

In re: PETER ALLAN WIZENBERG,

Debtor.

_____

HOWARD WIZENBERG,

Plaintiff-Appellee,

versus

PETER ALLAN WIZENBERG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 1, 2021)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

This case involves a dispute between two brothers. After Peter Allan Wizenberg filed for bankruptcy, his brother, Howard Wizenberg, brought an adversary proceeding against him, alleging that some of Peter's debt should not be discharged in bankruptcy.[1] The bankruptcy court ruled in favor of Howard on both counts of his complaint, and the district court affirmed. Peter now appeals the district court's decision. We understand Peter to raise three issues here. First, Peter says the bankruptcy court lacked subject matter jurisdiction over Howard's two claims. Second, Peter says the court improperly amended Howard's claims and on that basis ruled against Peter on grounds that he could not have anticipated from the complaint nor did he consent to litigate at trial. And third, Peter says there was insufficient evidence to support the court's ruling.

After careful consideration, we affirm. The bankruptcy court had jurisdiction over Howard's claims. Although the bankruptcy court did amend one of these claims based on an issue tried by the parties, Peter impliedly consented to that issue being tried. Finally, the evidence at trial supported the bankruptcy court's ruling.

---

[1] Because the parties share a last name, we refer to them by their first names.

## I. BACKGROUND

In 2017, Peter filed a voluntary petition for Chapter 7 bankruptcy. Howard then brought an adversary proceeding against Peter in the bankruptcy court. Howard asserted two claims, alleging that some of Peter's debt should not be discharged under the Bankruptcy Code. In his first claim (Count One), Howard said Peter committed theft when he took certain personal property from the estate of their deceased mother, Anna Wizenberg. Specifically, Howard said that Peter caused willful and malicious injury to Howard, such that the resulting debt could not be discharged in Peter's bankruptcy proceeding. The Bankruptcy Code provides that debts "for willful and malicious injury by the debtor to another entity or to the property of another entity" are not dischargeable. 11 U.S.C. § 523(a)(6). Among other things, Howard alleged that Peter sold items from the estate to third parties without notifying Howard. For the second claim (Count Two), Howard alleged that Peter breached his fiduciary duty as trustee of their mother's trust in a variety of ways. Howard said this debt could not be discharged because the Bankruptcy Code says debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" are not dischargeable. Id. § 523(a)(4).

At the outset of the adversary proceeding, Howard asked the bankruptcy court to enter summary judgment in his favor on Count Two. In his motion, Howard argued a state court had effectively found that Peter committed defalcation

(misapplication of property) in Peter's capacity as personal representative of their mother's estate. According to Howard, the state court judgment had preclusive effect in the adversary proceeding, and therefore any debt owed as a result of Peter's defalcation should not be discharged in bankruptcy. In response, Peter argued that the state court's order did not mention his state of mind, so it was insufficient to show the culpability required to prove defalcation for Count Two. Howard withdrew his motion for summary judgment in light of the culpability requirement, and the bankruptcy court also denied it due to the existence of genuine issues of material facts.

And so the case proceeded to a bench trial. As an initial matter, the bankruptcy court found that any distinction between a trustee and a personal representative was "illusory" under Florida law, as both positions "owe[] precisely the same duties." Peter testified that he knew Howard was a beneficiary of the estate yet sought to exclude Howard from the estate sale. Peter said he did not want Howard to have the opportunity to purchase any items that may have sentimental value because he viewed Howard as "extremely evil." Peter also testified that he allowed his wife to take anything she wanted from his mother's home both before and after his mother's death. Even though Peter knew Howard was a beneficiary of his mother's estate, Peter said his mother would have wanted Howard to get nothing.

4

At the close of trial, the bankruptcy court orally ruled in favor of Howard on both counts. With respect to Count One, the court found that Peter willfully and maliciously deprived Howard and his sons of property by failing to tell them about the estate sale. Therefore, it found this debt non-dischargeable under section 523(a)(6). And with respect to Count Two, the court found that Peter exceeded the authority granted to him by their mother's power of attorney and that he breached his fiduciary duty as personal representative of the estate. The court said Peter improperly allowed his wife to take anything she wanted from his mother's home both before and after his mother's death. It therefore found this debt non-dischargeable under section 523(a)(4). The bankruptcy court memorialized its oral rulings in written orders.

Peter appealed to the district court, which affirmed the bankruptcy court's rulings. In his appeal to the district court, Peter raised 15 issues, which the court aptly summarized as three issues. First, Peter said the bankruptcy court lacked subject matter jurisdiction based on insufficiency of the evidence. Second, Peter said the bankruptcy court's findings improperly amended the claims in Howard's complaint. Third, Peter said Howard failed to meet his burden of proof.

The district court rejected Peter's assertions. On the first issue, the district court found that the bankruptcy court was not without jurisdiction merely because Peter said Howard's claims lacked the proof necessary to sustain a claim for relief.

For the second issue, the district court found that the bankruptcy court did not amend Count One. And while the district court determined that the bankruptcy court did amend the claim in Count Two, it found that Peter impliedly consented to that amendment under Federal Rule of Civil Procedure 15(b). Finally, on the third issue, the district court found that the evidence supported the bankruptcy court's rulings. This is Peter's appeal.

## II.  DISCUSSION

Peter raises 16 issues on appeal to this Court. Like the district court, we think those 16 issues can be fairly characterized as three. First, Peter says the bankruptcy court lacked subject matter jurisdiction because Counts One and Two failed to state a claim for relief and failed on the merits. Second, Peter says the bankruptcy court improperly amended Counts One and Two because it made findings inconsistent with Howard's complaint. Third, Peter says there was insufficient evidence to support the bankruptcy court's rulings on Counts One and Two. We address each issue in turn.

A.    The Bankruptcy Court Had Subject Matter Jurisdiction

We can make quick work of the jurisdictional issue. We consider de novo whether a bankruptcy court had subject matter jurisdiction. See In re Munford, Inc., 97 F.3d 449, 453 (11th Cir. 1996). Bankruptcy courts have jurisdiction over all core proceedings arising under the Bankruptcy Code, including the

6

dischargeability of debts.  See 28 U.S.C. § 157(b)(1), (b)(2)(I); see also In re St. Laurent, 991 F.2d 672, 676 (11th Cir. 1993) ("[T]he ultimate issue of dischargeability is a legal question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability.").  The parties do not dispute that the bankruptcy court had jurisdiction under section 157.

Nevertheless, Peter says the bankruptcy court lacked jurisdiction because Counts One and Two, either as alleged in Howard's complaint or as supposedly amended by the bankruptcy court, failed as a matter of law and for lack of evidence.  However, it is "firmly established" that the "absence of a valid . . . cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010 (1998).  Instead, lack of jurisdiction due to the inadequacy of a claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy."  Id. (quotation marks omitted).  Here, Howard sought a declaration that some of Peter's debts were not dischargeable in bankruptcy under 11 U.S.C. § 523(a) because Peter committed theft and breached his fiduciary duty.  Howard's claims were thus not so inadequate as to strip the bankruptcy court of its jurisdiction.  Even assuming the claims were meritless, that would "call[] for a judgment on the merits and not

7

for a dismissal for want of jurisdiction." Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946). Therefore, because Peter does not otherwise dispute that section 157 applies, the bankruptcy court had jurisdiction in this case.

**B.      The Bankruptcy Court Did Not Improperly Amend Counts One and Two**

Peter next argues that the bankruptcy court improperly amended Counts One and Two by making findings that were not alleged in the complaint. He says he did not expressly or impliedly consent to these amendments, so the bankruptcy court violated Rule 15(b) and his due process rights. Rule 15(b)(2) states that "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." Fed. R. Civ. P. 15(b)(2); see Fed. R. Bankr. P. 7015 (applying Rule 15 to adversary proceedings in bankruptcy court). Rule 15(b)(2) goes on to state that the pleadings do not actually need to be amended, as the "failure to amend does not affect the result of the trial of that issue." Fed. R. Civ. P. 15(b)(2). Therefore, under Rule 15(b)(2), "a judgment may be based on an unpled issue as long as consent to trial of the issue is evident." Cioffe v. Morris, 676 F.2d 539, 541 (11th Cir. 1982). Implied consent will not be found if the defendant had no notice of the issue, the defendant could have offered more evidence on the issue, or if the defendant was otherwise denied a fair opportunity to defend. Id. at 541–42. We review for abuse of discretion a decision to amend a complaint based on issues tried by the consent

8

of the parties.  See Doe #6 v. Miami-Dade County, 974 F.3d 1333, 1337 (11th Cir. 2020) (citing Jimenez v. Tuna Vessel Granada, 652 F.2d 415, 421–22 (5th Cir. Unit A July 1981)); see also Dawley v. NF Energy Saving Corp. of Am., 374 F. App'x 921, 924 (11th Cir. 2010) (per curiam) (unpublished) (considering whether "the district court abused its discretion by treating the issue of equitable reformation as if it were tried by consent of the parties pursuant to Rule 15(b)(2)").

As an initial matter, we must decide whether the bankruptcy court actually amended Counts One and Two.  If not, then this case was tried in accordance with the pleadings and there's no issue.  But if the court did amend Counts One and/or Two, then we must decide whether it abused its discretion.  Beginning with Count One, Peter's argument that the bankruptcy court amended this claim fails.  In Count One, Howard alleged that Peter committed theft when he took certain personal property from their mother's estate, and thus this debt was not dischargeable.  This claim incorporated other allegations of the complaint, including that Peter sold items from the estate to third parties without notifying Howard of the estate sale.  The bankruptcy court's ruling on Count One was based on this exact fact.  In its oral decision, the court found there was "significant evidence" Peter did not let "Howard Wizenberg or his sons know about the estate sale," such that the debt was not dischargeable.  The court repeated that finding in its written order, stating "Peter Wizenberg purposefully failed to notify Howard

9

Wizenberg and his sons of the estate sale." Therefore, because the bankruptcy court's ruling on Count One was based on the exact same allegations as those pled in the complaint, the court did not amend Count One.

Turning to Count Two, Peter's assertion that the bankruptcy court amended this claim is borne out by the record. In this Count, Howard alleged that Peter breached his fiduciary duty as <u>trustee of their mother's trust</u> in a variety of ways and thus this debt was not dischargeable. However, the court found the debt was not dischargeable for a different reason. Specifically, it found that Peter breached his fiduciary duty as <u>personal representative of his mother's estate</u>. The court said Peter breached his fiduciary duty as personal representative when he allowed his wife to take anything she wanted from his mother's home. Although the bankruptcy court also found that Peter exceeded his authority under his mother's power of attorney, its written decisions clarified that its ruling on Count Two was based on Peter's role as personal representative. Notably, the complaint is devoid of any reference to Peter breaching his fiduciary duty as personal representative. It is thus clear the bankruptcy court amended Count Two.

Because the bankruptcy court amended Count Two, we must now decide whether the court abused its discretion in doing so. As set out above, Rule 15(b)(2) permits an issue not raised in the pleadings to be "tried by the parties' express or implied consent." Therefore, the question now is whether Peter

10

expressly or impliedly consented to try Count Two on the basis of his capacity as personal representative. After a careful review of the record, we conclude that he did. Peter had full notice that his position as personal representative was at issue for Count Two. This is because Howard first raised the issue in his motion for summary judgment on Count Two, which Peter contested on the merits. At the outset of trial, the bankruptcy court noted the relevant fiduciary duties of a personal representative. And Peter even testified that he allowed his wife to take property from his mother's home after his mother's death, even though he knew Howard was a beneficiary of the estate. Because, for Count Two, Peter impliedly consented to trying his actions in his role as personal representative, we cannot say the bankruptcy court abused its discretion in amending Count Two to conform the pleadings to this issue actually tried by the parties.

C.    The Evidence Supported the Bankruptcy Court's Ruling

Finally, we move to Peter's third argument. Peter says there was insufficient evidence for the bankruptcy court to rule in favor of Howard on either Count One or Two. When reviewing a bankruptcy court's judgment, we review de novo the legal conclusions of both the district court and the bankruptcy court and examine the bankruptcy court's factual findings for clear error. See In re Kane, 755 F.3d 1285, 1293 (11th Cir. 2014). We address each Count in turn.

11

Count One sought to prevent some of Peter's debts from being discharged because they were "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The bankruptcy court's determination that an injury was "willful and malicious" is a factual finding we review only for clear error. See Kane, 755 F.3d at 1293. Proof of willfulness requires "an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury." In re Jennings, 670 F.3d 1329, 1334 (11th Cir. 2012) (per curiam) (quotation marks omitted). Proof of malice requires conduct that is "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." Id. (quotation marks omitted).

The bankruptcy court found that some of Peter's debts could not be discharged under Count One because it determined that Peter willfully and maliciously deprived Howard and his sons of property by failing to tell them about the estate sale. Peter has shown no clear error by the bankruptcy court in ruling in favor of Howard on Count One. The record shows Peter knew Howard was a beneficiary of the estate yet sought to exclude him from the estate sale. Peter testified he did not want Howard to have the opportunity to purchase any items that may have sentimental value because he viewed Howard as "extremely evil." Therefore, this record evidence supports the bankruptcy court's ruling on Count One.

12

Count Two sought to prevent some of Peter's debts from being discharged because they were "for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4).  Defalcation is the misappropriation or misuse of property or funds entrusted to a fiduciary.  See Bullock v. BankChampaign, N.A., 569 U.S. 267, 271–72, 133 S. Ct. 1754, 1758–59 (2013); Quaif v. Johnson, 4 F.3d 950, 955 (11th Cir. 1993) (per curiam).  It requires a culpable state of mind, involving either knowledge of, or gross recklessness with respect to, the fiduciary's misconduct. Bullock, 569 U.S. at 269, 133 S. Ct. at 1757.  Here, the bankruptcy court found that some of Peter's debts could not be discharged under Count Two because it determined that Peter breached his fiduciary duty as personal representative of his mother's estate when he allowed his wife to take property from his mother's home. The record shows Peter knowingly allowed his wife to take property from his mother's home after his mother's death, even though Peter knew Howard was a beneficiary of the estate.  This evidence therefore supports the bankruptcy court's ruling on Count Two.

### III.  CONCLUSION

In sum, the bankruptcy court had subject matter jurisdiction over Howard's claims against Peter; the court did not improperly amend Howard's claims; and the evidence at trial supported the bankruptcy court's ruling.

**AFFIRMED.**

13